254 F.2d 696
 John F. DAVIS, Trustee of the Estate of Cumseh Bear,
deceased, Appellant,
v.
Mary JONES, Administratrix of the Estate of Cumseh Bear,
deceased; Alice Bear, Guardian of Janie Alene Bear, Rosina
Louise Bear, John Allen Bear and Ivan Eugene Bear, minors;
and United States of America, Appellees.
 No. 5630.
 United States Court of Appeals Tenth Circuit.
 April 11, 1958, Rehearing Denied May 8, 1958.
 
 W. F. Semple, Tulsa, Okl., for appellant.
 Creekmore Wallace, Pryor, Okl. (Jack Jenkins, Pueblo, Colo., was with him on the brief), for appellees Mary Jones, Administratrix of the Estate of Cumseh Bear, deceased, and Alice Bear, Guardian of Janie Alene Bear, Rosina Louise Bear, John Allen Bear and Ivan Eugene Bear, Minors.
 Robert S. Griswold, Jr., Atty., Dept. of Justice, Washington, D.C. (Perry W. Morton, Asst. Atty. Gen., Frank D. McSherry, U.S. Atty., Muskogee, Okl., and Roger P. Marquis, Atty., Dept. of Justice, Washington, D.C., were with him on the brief), for appellee United States.
 Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.
 BRATTON, Chief Judge.
 
 
 1
 John F. Davis, trustee of the estate of Cumseh Bear, a full-blood Creek Indian, hereinafter referred to as Cumseh, filed in the District Court of Okfuskee County, Oklahoma, a petition for the approval of his final report as such trustee. In the petition, the trustee sought approval and confirmation of the report and an adjudication of no liability to the trust estate except that disclosed by the report. The report was filed with the petition and it disclosed a balance due the trust estate in the sum of $1,261.72. The trust was created in 1932, and it terminated upon the death of Cumseh in 1954. The surviving heirs of Cumseh filed in the proceeding objections and exceptions to the report; and as cross petitioners, they sought an accounting. Notice of the suit was served upon the United States under section 3 of the Act of April 12, 1926, 44 Stat. 239. The United States seasonably filed a petition for the removal of the proceeding to the United States Court under such section; and it was removed. A motion to remand was denied. Acting on its own behalf and on behalf of the heirs of Cumseh, the United States filed its complaint in intervention in which an accounting was sought. Some facts were stipulated and evidence was adduced. The court found among other things that during the existence of the trust period, the trustee received a total of $57,958.26; that credits aggregating $26,100 should be allowed; and that the trustee should be surcharged in the amount of $31,858.26. Judgment was entered against the trustee for the amount of the surcharge, with provision that the proceeds of the judgment, when paid or collected, should be deposited in the office of the Area Director, Bureau of Indian Affairs, at Muskogee, Oklahoma, to be held for the benefit of the heirs of Cumseh and to be disbursed pursuant to the applicable rules and regulations of the Secretary of the Interior. The trustee appealed.
 
 
 2
 Error is predicated upon the denial of the motion to remand the proceeding to the state court. The substance of the argument is that in 1932 the trust agreement was approved by the County Court of Okfuskee County; that such approval operated to remove all federal restrictions upon the income accruing from the sale of oil and gas produced from the inherited land described in the trust agreement; and that therefore the proceeding was not subject to removal. Section 3 of the Act of April 12, 1926, supra, is a special statute relating to the removal of certain cases. It provides that in any suit in a state court of Oklahoma to which a restricted member of the Five Civilized Tribes, or a restricted heir or grantee of such Indian, is a party and claiming an interest in allotted lands or the income therefrom, notice of the pendency of such suit may be served upon the Superintendent of the Five Civilized Tribes; that the United States may then remove the suit to the United States Court in the manner and within the time therein specified; and that the United States Court may then hear and determine the suit. The fund constituting the trust estate herein involved was derived from the sale of oil and gas produced from land allotted to Louisa Roberts, afterwards Louisa Bear, a full-blood enrolled Creek Indian. The allottee executed an oil and gas lease covering the allotted land, and oil and gas were being produced therefrom during her lifetime. The lease was executed with the approval of the Secretary of the Interior; and the income accruing therefrom prior to the execution of the trust agreement was paid to the Secretary in trust for the allottee, or her heirs. The allottee died intestate in 1929, leaving as her sole and only heirs her husband, Cumseh, and her son Johnny Bear. Cumseh was a full-blood member of the Creek tribe. All of his heirs were and are full-blood restricted members of the Five Civilized Tribes; and they were parties to the proceeding in the state court. The interest in the allotted land, together with the income therefrom, which Cumseh acquired by inheritance from the allottee was subject to restrictions against alienation. Chisholm v. House, 10 Cir., 160 F.2d 632. Though approved by the County Judge of Okfuskee County, the trust agreement did not operate to free from restrictions the income derived from oil and gas produced from such land and placed in the trust estate. And the fund constituting the trust estate continued to be restricted after it passed by inheritance to the heirs of Cumseh. It is clear that in these circumstances, the proceeding was removable. House v. United States, 10 Cir., 144 F.2d 555, certiorari denied 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624.
 
 
 3
 Complaint is made that the court erroneously surcharged the trustee for disbursements made from the trust fund to Cumseh or for his benefit. A fiduciary relation existed between the trustee and the cestui que trust, and the burden rested upon the trustee to show the nature of each challenged transaction; to show that the trust was administered in accordance with the trust instrument; and to show that the trustee acted honestly and with fidelity to the trust reposed in him. Chisholm v. House, 10 Cir., 183 F.2d 698.
 
 
 4
 The court based its action in disallowing credit for the claimed disbursements in excess of $100 per month upon the insufficiency of the evidence. In support of its conclusion that the evidence was insufficient to warrant allowance of the claimed credit for such disbursements, the court found these subsidiary facts, among others. The trustee was a full-blood Indian enrolled as a member of the Creek Tribe. He was and had been tribal chief of the Creek Nation. He speaks both the English and the Creek languages. He obtained a degree in law from a recognized law school; was a minister; and was a real estate agent. Cumseh was uneducated; spoke only the Creek language; could neither read nor write English; and signed his name by thumb print. The two were intimate friends, and the latter reposed complete confidence in the former. The trust agreement was approved by the County Judge of Okfuskee County but not by the Secretary of the Interior. The original instrument was recorded in the records of Creek County and was then mailed to the trustee. A copy was furnished to the surety company which executed as surety the bond of the trustee. And a copy found its way into the files of the Superintendent of the Five Civilized Tribes. A certified copy of the recorded instrument did not disclose any deletions. Neither did the copy furnished to the surety company. But a photostat copy of the instrument in the files of the Superintendent of the Five Civilized Tribes contained several deletions. The general effect of the deletions was to leave the trustee free of any duty or obligation to obtain approval of his actions, either by the County Judge of Okfuskee County or the Superintendent of the Five Civilized Tribes. The original instrument as executed by the parties did not contain any deletions. The trust agreement provided that the trustee should pay to Cumseh the sum of $100 per month out of the trust funds and that any payments in excess of that amount should be made only with the approval of the Superintendent of the Five Civilized Tribes. The office of such Superintendent was never called upon to approve, and never did approve, any of the expenditures made by the trustee. Under the terms of the trust agreement, the trustee was required to deposit all funds belonging to the trust in the Citizens State Bank or the Okemah National Bank, in Okemah. The trustee failed to deposit in either bank a majority of the checks which he received from the oil company for royalties and he did not keep or maintain regular books or records of his administration of the trust funds. He attempted to show that the checks had been cashed and the funds paid directly to Cumseh; and he attempted to show that certain payments had been made to others for the benefit of Cumseh. But the evidence tending to support the contention of the trustee concerning the disposition of such funds in that manner was without merit and was a subterfuge. And in addition to these subsidiary facts, the court found specifically that the testimony of the trustee in relation to the checks and settlements reportedly made with Cumseh from time to time during his lifetime was unworthy of belief. It would not serve any useful purpose to detail at length the evidence introduced at the trial. It is enough to say that we think the evidence, together with the inferences fairly to be drawn from it, was insufficient to discharge the burden resting upon the trustee; and that the court was warranted in disallowing the claimed credits for disbursements in excess of $100 per month.
 
 
 5
 The equitable doctrine of waiver or ratification is relied upon to protect the trustee against liability for the asserted infidelity to the trust. It is argued that Cumseh approved the disbursements by the trustee; that such approval constituted a waiver or ratification of the breach of the trust; and that therefore his heirs are estopped from attacking the actions of the trustee on the ground of such breach. A competent cestui que trust having knowledge of all the facts may authorize the trustee in advance to perform an act which would otherwise be a breach of the trust, or he may ratify such act after it has been done; and in either event he and those claiming under him are estopped from attacking the trustee upon the ground of the breach. But here the cestui que trust was illiterate; could not speak the English language; could not read or write; was seemingly indifferent to financial means beyond that required to obtain the necessities of life; and entertained a trustful faith in the trustee. And it is fairly apparent that from time to time he thumb-printed receipts which purported on their face to evidence distribution of royalty proceeds to him without knowing or understanding their effect or significance. Viewed in the light of these facts, there is no sustainable basis for the effort of the trustee to escape liability upon the ground that the acts of Cumseh constituted an effective waiver or ratification of the breach of the trust which estops his heirs from attacking his actions upon the ground of such breach. 4 Bogert, Trusts & Trustees, Part 2, 941, 942; 2 Scott on Trusts 216; Restatement, Trusts 216.
 
 
 6
 Other contentions are advanced on behalf of the trustee. But they are bereft of merit and do not warrant discussion.
 
 
 7
 The judgment is affirmed.